Argued and submitted January 3, decision of the Court of Appeals affirmed, in part on different grounds and case remanded to the circuit court for further proceedings February 25, 1994

WAYNE B. PALMER,
*Respondent on Review,*

*v.*

STATE OF OREGON,
*Petitioner on Review.*

(CC 16-90-06124; CA A71861; SC S40704)

867 P2d 1368

Rives Kistler, Assistant Attorney General, Salem, argued the cause and filed the petition for petitioner or review. With him on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David B. Kuhns, Salem, argued the cause for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

GILLETTE, J.

## GILLETTE, J.

The issue in this case is whether a petitioner may assert as a ground for post-conviction relief an issue that was not raised at trial in the underlying criminal proceeding, when the petitioner reasonably could have been expected to raise that issue in the trial court and when the petitioner does not assert that the failure to raise that issue constituted inadequate assistance of trial counsel. We hold that a petitioner may not assert such an issue as a ground for post-conviction relief.

In 1988, following a bench trial in which he was represented by counsel, petitioner was convicted of unlawful possession of a firearm, ORS 166.250, for possessing a concealed handgun. On direct appeal, the Court of Appeals affirmed his conviction without opinion, and this court denied review. *State v. Palmer*, 97 Or App 588, 778 P2d 515, *rev den* 308 Or 405 (1989). Subsequently, petitioner instituted the present proceeding, seeking relief from his conviction under the Post-Conviction Hearing Act, ORS 138.510 to 138.680.

In his third amended petition, petitioner asserted two claims for relief, only one of which — the second — is before us on review.[1] As his second claim for relief, petitioner asserted that he was entitled to post-conviction relief because ORS 166.250, the statute defining the crime of which he was convicted, is "unconstitutionally vague," due to its failure to define the word "concealed." Petitioner alleged that he could not have asserted the unconstitutionality of the statute on direct appeal from his conviction,[2] "because it was not an issue preserved by objection in the trial record." Petitioner did not offer any explanation for his failure to raise the

---

[1] As his first claim for relief, petitioner asserted that his trial counsel was constitutionally inadequate, because counsel failed to make a particular argument in a motion for judgment of acquittal. The trial court allowed the state's demurrer to that claim, but the Court of Appeals reversed, holding that petitioner was entitled to a hearing on the merits of the claim. *Palmer v. State of Oregon*, 121 Or App 377, 381, 854 P2d 955 (1993). The state did not seek review of that part of the Court of Appeals' decision; accordingly, we express no opinion regarding petitioner's first claim for relief.

[2] *See* ORS 138.550(2) (where a petitioner obtained direct appellate review, no ground for post-conviction relief may be asserted "unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding").

constitutional challenge in the trial court nor, as noted, did he assert the failure to raise the issue at trial as a basis for a claim of inadequate assistance of trial counsel.[3]

The state demurred to the third amended petition, and the post-conviction court allowed the demurrer and dismissed the case. Petitioner appealed. On appeal, the state argued, as it had below, that petitioner could not raise his constitutional challenge to ORS 166.250 for the first time in a post-conviction relief proceeding, except as a basis for a claim of inadequate assistance of counsel, which he had not done. A majority of the Court of Appeals' panel disagreed, holding that petitioner was not precluded from raising his constitutional challenge for the first time in the post-conviction relief proceeding. *Palmer v. State of Oregon*, 121 Or App 377, 381-84, 854 P2d 955 (1993). Nonetheless, the Court of Appeals affirmed the judgment dismissing the second claim for relief on the ground that ORS 166.250 was not void for vagueness, as petitioner had contended. *Id.* at 384.[4] We allowed the state's petition for review to address whether the Court of Appeals properly reached the merits of petitioner's constitutional challenge to ORS 166.250.

■        In reaching the merits of petitioner's vagueness challenge, the Court of Appeals' majority held, in effect, that any constitutional challenge that is not preserved in the trial court in the underlying criminal proceeding nonetheless may be raised in a post-conviction relief proceeding, regardless of the circumstances under which the petitioner failed to raise that issue at trial. On review, the state argues that the majority erred in that holding.[5] The state contends that a

---

[3] In his first amended petition, petitioner *did* allege inadequate assistance of counsel based in part on his trial counsel's failure "to file constitutional challenges that the statute [that petitioner] was charged under does not adequately define 'a concealed weapon.'" That allegation was dropped from the petition in the next amendment, however, and nothing like it appears in the third amended petition, which is the petition at issue here.

[4] A concurring judge agreed with the majority that ORS 166.250 was not void for vagueness, but wrote that he would not have reached the merits of the vagueness issue, because "post-conviction relief is not available to those litigants who are able to raise their objection at trial or on appeal and don't." *Palmer v. State of Oregon, supra*, 121 Or App at 388 (Edmonds, J., concurring).

[5] The state does not challenge the Court of Appeals' disposition of the case, but rather challenges that court's *rationale* for its disposition of petitioner's second claim for relief. ORS 2.520 provides that "[a]ny party *aggrieved* by a decision of the

petitioner seeking post-conviction relief may not raise a constitutional challenge that could have been, but was not, raised in the trial court, except in a few limited circumstances, none of which have been alleged by petitioner in this case. For the reasons that follow, we agree with the state and hold that petitioner did not state a cognizable claim for post-conviction relief in his constitutional challenge to ORS 166.250.

The Court of Appeals' majority relied on ORS 138.550(1), which provides in part that "[t]he failure of [a] petitioner * * * to have raised matters alleged in the petition at the trial of the petitioner * * * shall not affect the availability of relief under [the Post-Conviction Hearing Act]." On its face, ORS 138.550(1) might appear to support the conclusion reached by the Court of Appeals' majority in this case, *viz.*, that petitioner's failure to raise his constitutional challenge to ORS 166.250 in the trial court did not preclude him from raising it in this post-conviction relief proceeding. As the state points out, however, this court interpreted that statute more narrowly in *North v. Cupp*, 254 Or 451, 461 P2d 271 (1969), *cert den* 397 US 1054 (1970), and that narrow interpretation does not support the conclusion of the Court of Appeals' majority.

In *North v. Cupp*, incriminating evidence obtained from a warrantless search of North's automobile was introduced without objection at North's criminal trial. Following his conviction, North appealed unsuccessfully. In that appeal, he did not assign error to the admission of the evidence found in the warrantless search. Subsequently, North brought a proceeding for post-conviction relief wherein he asserted "a violation of his Fourth Amendment rights because of the court's receipt of the evidence found in his automobile." 254 Or at 454. The post-conviction court denied relief, and North sought review in this court.

At the outset of its opinion, this court noted that "[t]here can be little doubt that the search and seizure was in violation of the Fourth Amendment." *Id.* at 453. The court

Court of Appeals may petition the Supreme Court for review." (Emphasis supplied.) In this case, the state is "aggrieved" by the conclusion of law reached by the Court of Appeals that is discussed in this opinion because, if incorrect, the rationale of the lead opinion in the Court of Appeals will force the state to defend the merits of many future claims for post-conviction relief that it should not be required to defend.

then raised a question that had not been argued by counsel, *viz.*, "whether the provisions of Oregon's Post-Conviction Hearing Act dictate that petitioner prevail upon a showing that constitutionally defective evidence was introduced at his trial of conviction despite the absence of any objection to its introduction." *Id.* at 454. The court, after citing the portion of ORS 138.550(1) set out above, stated:

"If the statute is interpreted literally, it can be construed to mean that petitioner must be granted relief even though he did not object at trial and regardless of the reason for his failure to do so.

"* * * * *

"If ORS 138.550(1) is construed as putting the petitioner, under all circumstances, in the same situation as he was at trial, insofar as his right to enforce his constitutional right is concerned, it has in effect said that there can be no procedural restrictions on the subsequent assertion of constitutional rights. There has been a procedural rule of long standing in this state regarding contemporaneous objection to the introduction of inadmissible evidence before error may be asserted on appeal because of its admission. * * *

"This procedural rule would be completely eroded by permitting the granting of relief in post-conviction proceedings in the absence of an objection at trial. It would be senseless to require an objection to the evidence as a prerequisite to the assertion of error on appeal if the necessity for such an objection could subsequently be avoided by instituting an application for post-conviction relief. We cannot believe the legislature intended any such result.

"However, there are situations in which the law recognizes that it is inappropriate to require a contemporaneous objection at trial as a prerequisite to the subsequent raising of the constitutional issue. We believe that the provision in question was intended to prevent the assertion of the procedural rule in such situations. The most common illustration is where the objection could conceivably have been made but could not reasonably have been expected. Examples are where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right. Also, the failure to assert the right would not be a bar where counsel was incompetent or was guilty of bad faith."

254 Or at 454-57.

This court went on to explain that North had not shown any of the enumerated circumstances that reasonably would have justified the failure to raise the constitutional issue in the trial court. The court then concluded:

> "When a petitioner has a competent attorney who is not guilty of fraud and all the circumstances are such that the attorney would reasonably have been expected to object to constitutionally defective evidence, there is nothing unfair in asserting in post-conviction proceedings the procedural rule requiring a contemporaneous objection. There is no substantial denial of a constitutional right. Certainly, in such a situation, everything has been done that can be done to provide petitioner with an opportunity to assert his constitutional right at his trial of conviction."

*Id.* at 459. Accordingly, the court held that North was not entitled to post-conviction relief based on the admission of the constitutionally defective evidence.

Following this court's decision in *North v. Cupp*, ORS 138.550(1) became subject to the following qualification: When a criminal defendant fails to raise an issue at trial that the defendant reasonably could have been expected to raise, the defendant cannot obtain post-conviction relief on that ground unless the defendant alleges and proves that the failure to raise the issue was due to one (or more) of a few narrowly drawn exceptions. Under the facts of this case, the only exception available would be (so far as we are informed by this record) that the failure to object constituted inadequate assistance of trial counsel.

■ When this court interprets a statute, that interpretation becomes a part of the statute, subject only to amendment by the legislature. *State v. King*, 316 Or 437, 445, 852 P2d 190 (1993). Accordingly, this court's interpretation of ORS 138.550(1) in *North v. Cupp*, as described above, became part of that statute. Because the legislature has not amended ORS 138.550(1) since this court's decision in *North v. Cupp*, this court's interpretation of ORS 138.550(1) in that case remains the law in Oregon.

It could be argued (and indeed the opinion of the Court of Appeals' majority may be read to hold) that the

qualification on ORS 138.550(1) stated in *North v. Cupp*, applies only to claims for post-conviction relief cognizable under ORS 138.530(1)(a) (substantial denial of constitutional rights), but not to claims cognizable under subsections (1)(b) (lack of jurisdiction), (1)(c) (unlawfulness or unconstitutionality of sentence), or (1)(d) (unconstitutionality of statute defining crime).[6] This is so because, in *North*, this court identified the "question at hand" as "[w]hether there has been a substantial denial of petitioner's constitutional rights by the admission of the [constitutionally defective] evidence during his trial of conviction." 254 Or at 455. The court then stated: "This will be determined by the circumstances under which he failed to raise the issue at trial." *Ibid.* The court later concluded, as previously noted, that there is "no substantial denial of a constitutional right" "[w]hen a petitioner has a competent attorney who is not guilty of fraud and all the circumstances are such that the attorney would reasonably have been expected to object to constitutionally defective evidence." *Id.* at 459. In other words, the petitioner in *North* had not established that he was entitled to post-conviction relief under ORS 138.530(1)(a), because he had not established a substantial denial of his constitutional rights in the underlying proceedings.

Unlike *North v. Cupp*, this is a case in which a petitioner asserts a claim that is cognizable under ORS 138.530(1)(d), based on the alleged unconstitutionality of the statute defining the crime of which the petitioner was convicted. In such a case, the question is whether the petitioner is

---

[6] ORS 138.530(1) provides in full:

"Post-conviction relief pursuant to [the Post-Conviction Hearing Act] shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

entitled to relief because the statute defining the crime of which the petitioner was convicted is unconstitutional. Arguably, *North* did not speak to such cases, and ORS 138.550(1) makes considerations of the petitioner's failure to raise the constitutional question in the trial court irrelevant in determining whether the petitioner is entitled to post-conviction relief under ORS 138.530(1)(d).

We do not believe, however, that the qualification on ORS 138.550(1) stated in *North v. Cupp*, should be given such a narrow construction. The governing rationale in *North* was that the usual procedural rule requiring that an error be preserved in the trial court in order to be raised on appeal would be "completely eroded by permitting the granting of relief in post-conviction proceedings in the absence of an objection at trial." 254 Or at 451. That rationale applies with equal force to the facts alleged here, where (so far as we can determine from the pleadings), the failure to raise the issue in the criminal trial court is irrelevant to any available ground for post-conviction relief. Any other rule would permit a criminal defendant who had a theory that the statute under which he or she was charged might be unconstitutional to make a tactical choice to postpone any such challenge until after he or she first tried for an acquittal on the merits.

Petitioner argues that the foregoing reading of ORS 138.550(1) and *North v. Cupp*, is inconsistent with this court's recent decision in *Wells v. Peterson*, 315 Or 233, 844 P2d 192 (1992). In that post-conviction relief case, the petitioner asserted two claims for relief, *viz.*, (1) that the sentence imposed on him was not authorized by law and (2) that he had received inadequate assistance of trial counsel. This court agreed that the sentence was unlawful and remanded to the post-conviction court for further proceedings. 315 Or at 235-36. This court also held, however, that counsel's failure to raise the sentencing issue at trial did not constitute inadequate assistance of counsel. *Id.* at 236.

Petitioner contends that *Wells v. Peterson* stands for the proposition that a petitioner may obtain post-conviction relief based on a ground (in *Wells*, the unlawfulness of the sentence) not preserved at his criminal trial without having to prove that the failure to raise the issue in the trial court was due to inadequate assistance of counsel or that the

petitioner otherwise could not reasonably have been expected to raise the issue at trial.[7] We disagree. The state in *Wells* did not raise the argument that the state has raised here — *i.e.,* that a petitioner who seeks post-conviction relief based on an issue not raised at trial must prove that the failure to raise the issue constituted inadequate assistance of trial counsel or that the petitioner otherwise could not reasonably have been expected to raise the issue at trial. The court's award of post-conviction relief in *Wells* with respect to an issue that was not preserved at petitioner's criminal trial thus cannot now be read as an affirmative holding that a petitioner is entitled to post-conviction relief regardless of the reason (or reasons) why the matter was not raised.[8] This court's decision in *Wells v. Peterson* is not inconsistent with the interpretation of ORS 138.550(1) in *North v. Cupp*, that we have set out in this opinion.

All that remains is to apply ORS 138.550(1), as interpreted in *North v. Cupp*, to the facts of this case. In his third amended petition, petitioner specifically alleged that his

---

[7] In *Wells*, this court held that the petitioner's counsel was not inadequate for failing to raise the sentencing issue at trial, "because at the time of trial [the sentencing issue] was not clearly settled." *Wells v. Peterson*, 315 Or 233, 236, 844 P2d 192 (1992). Although counsel's decision not to raise the sentencing issue was reasonable due to the unsettled state of the law, it does not follow from that fact that the sentencing issue necessarily was one that counsel could not reasonably have been expected to raise. If that were so, then every error not preserved in the trial court could be raised in a proceeding for post-conviction relief.

[8] This court made a similar point in *North v. Cupp*, 254 Or 451, 457, 461 P2d 271 (1969), *cert den* 397 US 1054 (1970). There, the court observed that in *Clark v. Gladden*, 247 Or 629, 432 P2d 182 (1967), the court had "allowed a prisoner who had been represented by counsel at his sentencing hearing to attack in post-conviction proceedings an habitual-criminal sentence based upon foreign convictions which his counsel had not challenged at the hearing." 254 Or at 457. The court in *North* continued:

"We did not discuss counsel's reasons, if any, for failure to object, as neither party in the *Clark* case made the quality of counsel's performance an issue. * * *

"Since the reasons for counsel's failure to challenge the convictions were never made an issue, we did not go into the line of inquiry which is opened up in the case at bar. Accordingly, our failure to discuss the circumstances under which counsel failed to object in the *Clark* case should not be taken as a holding that petitioner is entitled to relief without regard to such circumstances."

*Ibid.*

Like *Clark v. Gladden, supra, Wells v. Peterson*, 315 Or 233, 844 P2d 192 (1992), does *not* stand for the proposition that the circumstances under which a petitioner fails to raise an issue in the trial court are irrelevant to a determination of whether that petitioner is entitled to post-conviction relief.

vagueness challenge to ORS 166.250 "was not an issue preserved by objection in the trial record." Thus, it is apparent on the face of the petition that petitioner failed to raise that constitutional challenge at trial. Petitioner did not allege any circumstances, such as those described in *North v. Cupp, supra,* 254 Or at 456-57, to show why he could not reasonably have been expected to challenge the constitutionality of ORS 166.250 at trial or on direct appeal. Also, petitioner did not assert the failure to raise the vagueness challenge at trial as a basis for a claim of inadequate assistance of trial counsel. See *supra* note 3. Because petitioner did not plead facts necessary to establish a basis for obtaining post-conviction relief with respect to an issue not preserved at trial, petitioner's second claim in his third amended petition failed to state a cognizable claim for post-conviction relief.

It follows from the foregoing that the Court of Appeals erred in reaching the merits of petitioner's second claim for relief. Nonetheless, the court's disposition of that claim — dismissal — was correct. We therefore affirm that disposition.

The decision of the Court of Appeals is affirmed, in part on different grounds. The case is remanded to the circuit court for further proceedings.