**Peter FRANKS, Petitioner—Appellant,**

v.

**Hardy MYERS; Diane Ray; State of Oregon, Respondents—Appellees.**

No. 03–35296.

D.C. No. CV–01–00337–GMK.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2004.*

Decided March 8, 2004.

Christopher J. Schatz, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Robert B. Rocklin, Salem, OR, for Respondent–Appellee.

Before GOODWIN, McKEOWN and FISHER, Circuit Judges.

## MEMORANDUM**

Oregon state prisoner Peter Franks appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging his conviction for burglary in the first degree and robbery in the third degree. Reviewing de novo the district court's decision to deny Franks' habeas petition, *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir.2003), and applying standards set forth by the Antiterrorism and Effective

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Death Penalty Act of 1996, 110 Stat. § 1214, *see Lockhart v. Terhune*, 250 F.3d 1223, 1228 (9th Cir.2001), we affirm.

Franks argues that the trial court's denial of his request to substitute counsel violated Franks' right to the effective assistance of counsel. The Oregon courts did not unreasonably apply clearly established federal law in rejecting this argument. Franks cannot show, for example, that the trial court's decision resulted in a complete lack of communication between Franks and his attorney, either because of a conflict between them, *see, e.g., Schell v. Witek*, 218 F.3d 1017, 1026 & n. 8 (9th Cir.2000) (en banc), or because the trial court forced Franks to choose between incompetent counsel and no counsel at all, *see, e.g., Crandell v. Bunnell*, 144 F.3d 1213, 1216 (9th Cir.1998), *overruled on other grounds, Schell*, 218 F.3d at 1025.

Franks also argues that he did not knowingly, voluntarily and intelligently waive his right to a jury trial. This argument is procedurally defaulted because he raised it for the first time in a post-conviction relief ("PCR") hearing, rather than on direct appellate review as required by Oregon law, and the PCR court relied on the procedural default in rejecting Franks' claim. Although the PCR court also passed on the merits of Franks' claim, "a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris v. Reed*, 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). Thus, notwithstanding the PCR court's discussion of the merits, Oregon law con-

stituted an independent and adequate state ground precluding habeas review. *See* Or.Rev.Stat. § 138.550(2); *Palmer v. Oregon*, 318 Or. 352, 867 P.2d 1368, 1369–71 (1994); *see also Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir.1983); *Batchelor v. Cupp*, 693 F.2d 859, 863 (9th Cir.1982). Franks has not argued that he had sufficient cause and prejudice to overcome the default. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

**AFFIRMED.**