Emiliano Zandro LERMA,
Petitioner—Appellant,

v.

Joan PALMATEER, Superintendent,
Respondent—Appellee.

No. 03–36023.

D.C. No. CV–00–01575–GK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 2, 2004.

Before FERGUSON, TROTT, and
KLEINFELD, Circuit Judges.

### MEMORANDUM *

Petitioner Emiliano Zandro Lerma
("Lerma") challenges the District Court's
dismissal of his habeas petition pursuant to
28 U.S.C. § 2254. He claims that his due
process right was violated when the trial
court failed to address his request for new
counsel. We have jurisdiction under 28
U.S.C. §§ 1291 and 2253. We review the
District Court's denial of the habeas peti-
tion de novo. *Cockett v. Ray*, 333 F.3d

938, 941 (9th Cir.2003). For the reasons
stated below, we AFFIRM.

### I.

■ Lerma is procedurally barred from
raising a due process claim because he did
not comply with the procedural rule an-
nounced in *Palmer v. State*, 318 Or. 352,
867 P.2d 1368 (1994). The *Palmer* rule
effectively precludes state post-conviction
relief for a petitioner who fails to raise his
claim in an underlying criminal proceeding
or on direct appeal unless the petitioner
asserts that the failure to raise his claim
was due to ineffective assistance of coun-
sel. *Id.* at 1371.

Lerma failed to take steps to preserve
adequately on direct appeal his objection
to his trial counsel's representation. He
did not stress to the trial court his desire
to seek substitute counsel. He failed to
ask his newly retained counsel to inform
the trial court of his trial counsel's inade-
quate representation. During the sentenc-
ing phase of his trial, he acquiesced in the
trial judge's decision to allow his trial
counsel to proceed in representing him
even after the trial judge clearly gave him
the opportunity to voice his objection.

Lerma failed to assert in his post-convic-
tion petition that the failure to raise his
due process claim in the underlying crimi-
nal proceeding was due to his trial coun-
sel's ineffective assistance. His petition
instead alleges that the trial court erred in
denying his request for new counsel.
Claims against a trial court, however, are
not a proper basis for post-conviction relief
in Oregon. *Palmer*, 867 P.2d at 1369.

### II.

■ For a state procedural rule to pre-
clude federal collateral review, it must rest

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as provided by Ninth
Circuit Rule 36–3.

on adequate and independent state grounds. *See Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The *Palmer* rule is independent because its application does not rely on federal law. *See Michigan v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). The state post-conviction court's determination was strictly a procedural one that did not depend upon "an antecedent ruling on federal law." *Park v. California,* 202 F.3d 1146, 1152 (9th Cir.2000). The *Palmer* rule is adequate because it is firmly-established and regularly followed. *See Ford v. Georgia,* 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). Oregon courts have repeatedly relied on *Palmer's* clear application. *See Bogle v. Armenakis,* 172 Or. App. 55, 18 P.3d 390, 394 (2001); *Ramsey v. Thompson,* 162 Or.App. 139, 986 P.2d 54, 58–59 (1999); *Davis v. Thompson,* 154 Or.App. 250, 961 P.2d 911, 912–913 (1998).

## III.

A petitioner may be relieved from a procedural default on a showing of cause and prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Attorney error that rises to the level of ineffective assistance of counsel may constitute cause to excuse a procedural default. *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Establishing the elements of an ineffective assistance of counsel claim will normally satisfy a showing of cause and prejudice. *United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir. 1996).

Lerma's trial counsel was not deficient in his representation of Lerma. Because of his trial counsel's relative skill and effectiveness, Lerma was acquitted of assault in the first degree. As the District Court correctly concluded, Lerma failed to identify any witness testimony that would have bolstered his defense and which his trial counsel should have known about. Moreover, Lerma fails to rebut the state post-conviction court's determination that his trial counsel had, indeed, discussed with his family why a jury instruction as to assault in the third degree was practically unavailable and how Lerma might face consecutive sentences. Finally, Lerma's due process claim points to the trial court's failure to inquire adequately into Lerma's request for substitute counsel, but any deficiency on the part of the trial court is immaterial to a showing of ineffective assistance of counsel.

Because we conclude that Lerma's trial counsel was not deficient in his performance, we need not reach the issue of prejudice. Lerma, therefore, cannot show sufficient cause and prejudice to overcome his procedural default.

## IV.

For the foregoing reasons, we AFFIRM the District Court's dismissal of Lerma's habeas petition.