**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLIFFORD CHEW,

          Petitioner - Appellant,

  v.

GUY HALL, Warden, TRCI,

          Respondent - Appellee.

No. 09-35801

D.C. No. 6:07-cv-01330-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted December 9, 2010[**]
Seattle, Washington

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and MOSKOWITZ,
District Judge.[***]

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Chew claims that the trial court violated his Sixth Amendment rights when it appointed Earl Woods to advise his brother Rodney before Rodney testified. However, Chew did not object to the court's decision at trial, and he did not fairly present his claim of trial court error on direct appeal to the Oregon Court of Appeals or the Oregon Supreme Court. He failed to reference federal law or the United States Constitution in his *Balfour* brief, and he cited no cases in support of his claim that would have alerted those courts to the federal nature of his claim. *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005). Oregon law therefore barred Chew from bringing this claim of trial court error in state post-conviction review proceedings. *See Palmer v. State*, 867 P.2d 1368, 1373 (Or. 1994).

Because Chew was procedurally barred from raising the issue in state post-conviction review, his federal claim is likewise procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 728–29 (1991). Chew has not demonstrated cause for the default or actual prejudice as a result of the alleged violation of federal law. *Id.* at 750. Nor has Chew shown that "failure to consider the claims would result in a fundamental miscarriage of justice." *Id.*

Insofar as Chew claims that Woods violated his Sixth Amendment right to conflict-free counsel by advising Rodney, Chew fails to state a viable Sixth

Amendment claim. *Mickens v. Taylor*, 535 U.S. 162, 174 (2002). Woods did not represent Chew at trial, and had not represented Chew for the six weeks before trial. Therefore, Chew cannot possibly show that an "actual conflict of interest adversely affected *his lawyer's* performance." *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980) (emphasis added).

AFFIRMED