

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERRYEL LEE, | No. 14-35005 |
| Petitioner - Appellant, | D.C. No. 6:11-cv-01356-SI |
| v. | |
| BRIAN BELLEQUE, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted May 6, 2015
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges, and CURIEL,** District Judge.

Petitioner Derryel Lee appeals from the district court's denial of his petition

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Gonzalo P. Curiel, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges constitutional violations arising from jury misconduct during deliberations. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review a district court's denial of a federal habeas petition *de novo*. *Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014). A district court's factual findings and credibility determinations are reviewed for clear error. *Jones v. Taylor*, 763 F.3d 1242, 1245 (9th Cir. 2014).

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). A state procedural rule is "independent" if it is not "interwoven with federal law." *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state rule is "adequate" if it is "clear, consistently applied, and well-established" at the time of the default. *Calderon v. U.S. District Court*, 96 F.3d 1126, 1129 (9th Cir. 1996) (citation omitted).

The state post-conviction relief ("PCR") trial court barred Lee's jury misconduct claim based on *Palmer v. State*, 867 P.2d 1368 (Or. 1994), which announced a state procedural rule that prohibits post-conviction relief on an issue that could have been raised in the trial court but was not. *Id.* at 1369-70. The

2

parties do not dispute that *Palmer* is independent. *Palmer* is also adequate because it is firmly established and regularly followed. *See Lerma v. Palmateer*, 118 F. App'x 174, 176 (9th Cir. 2004). Consequently, Lee's claim of jury misconduct is procedurally defaulted.

A state court procedural default may be excused only if a habeas petitioner can demonstrate cause for the default and resulting prejudice. *Coleman*, 501 U.S. at 750. To establish cause, a petitioner must show that "some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Id.* at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To establish prejudice, the petitioner must show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (internal quotation marks omitted)).

Lee argues that the state trial court's failure to rule on his motion for a new trial prevented his compliance with the state's procedural rule and constitutes cause excusing his procedural default. We disagree. Under Oregon law, a motion for new trial is "deemed denied" if a state trial court does not rule on it within fifty-five days from the date of judgment. *See* Or. R. Civ. P. 64F(1). Moreover, Lee

failed to properly allege and prove one of the few narrowly drawn exceptions to *Palmer*. *See* 867 P.2d at 1371. The state PCR trial court held a hearing on Lee's fourth amended PCR petition and was presented with argument and evidence concerning when Lee learned about the jury misconduct. The PCR trial court heard testimony from Lee and his sister, Doris Lee, and reviewed exhibits offered by both parties, including the affidavits of Doris Lee and her friend that explained how they learned about the jury misconduct. The state PCR trial court's summary denial of Lee's claim citing *Palmer* was an implicit rejection of Lee's credibility on this issue, and is presumed correct under 28 U.S.C. § 2254(e)(1). *See Tinsley v. Borg*, 895 F.2d 520, 525 (9th Cir. 1990) (implicit factual findings are entitled to a presumption of correctness in appropriate circumstances); *see also Taylor v. Horn*, 504 F.3d 416, 433 (3d Cir. 2007) ("Implicit factual findings are presumed correct under § 2254(e)(1) to the same extent as express factual findings."). Since Lee has failed to demonstrate cause, we need not consider the prejudice factor. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

Next, Lee contends the district court's finding that Lee lacked credibility was clearly erroneous and the district court should have held an evidentiary hearing on credibility before making any factual findings. We disagree. The district court reviewed the PCR trial court proceedings as well as the documents that were before

4

the PCR trial court. The PCR trial court implicitly concluded that Lee lacked credibility on when he first learned of the alleged jury misconduct by denying his PCR petition based on *Palmer*. The district court's credibility determination is thus best understood as a determination that the PCR trial court's implicit credibility determination was not an unreasonable finding of fact. *See* 28 U.S.C. § 2254(e)(1). Therefore, the district court did not err in declining to hold an evidentiary hearing to take new evidence on the question of whether Lee was telling the truth about when he learned of the alleged jury misconduct.

**AFFIRMED**.