**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYMON HENSON, | No.    15-35830 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-01353-AA |
| v. | |
| MARK NOOTH, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted March 10, 2017
Portland, Oregon

Before:  LEAVY and FRIEDLAND, Circuit Judges, and BENITEZ,[**] District
Judge.

Petitioner Lymon Henson appeals the district court's judgment dismissing

his petition for writ of habeas corpus.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

§§ 1291 and 2253. We review de novo, *see Dyer v. Hornbeck*, 706 F.3d 1134, 1137 (9th Cir. 2013), and we affirm.

1. Background. Henson was convicted in 2005 of first-degree manslaughter, driving under the influence of intoxicants, and lesser offenses relating to an automobile accident that occurred in 2001. On direct appeal, Henson raised two assignments of error, neither of which concerned ineffective assistance of his trial counsel or the Sixth Amendment right to an impartial jury. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Henson then filed a state petition for post-conviction relief, raising several different ineffective assistance claims. One claim asserted that his trial counsel provided ineffective assistance when he "failed to excuse" a certain juror whose wife was the first person to arrive at the aftermath of the automobile accident. The post-conviction trial court concluded that counsel was not ineffective and determined trial counsel's "[s]trategy not to excuse juror sound."

In his post-conviction opening brief to the Oregon Court of Appeals, Henson presented a "slightly different" argument—that he was denied his "constitutional right to an impartial jury." Henson stated, "Thus, insofar as the claim in his petition relates to trial counsel's ineffectiveness or inadequacy, petitioner is not

making that claim on appeal." The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Henson next petitioned pro se for a writ of habeas corpus in federal district court. The habeas petition asserted an impartial jury claim, but not an ineffective assistance juror-challenge claim. The district court eventually appointed counsel. Counsel did not file an amended habeas petition, but did file a brief in support of Henson's pro se habeas petition. The district court denied the habeas petition but issued a certificate of appealability. The district court also denied Henson's motion to amend his habeas petition.

2. <u>Ineffective assistance claim</u>. The district court did not err in concluding that Henson's ineffective assistance juror-challenge claim was not pled in his federal habeas petition and, in any event, was procedurally defaulted.

Henson contends that, although the ineffective assistance claim was not squarely raised in his petition, the district court should have liberally construed Henson's pro se federal habeas petition to assert such a claim by viewing the Sixth Amendment impartial jury claim "through the lens of ineffective assistance." But even if construed liberally, Henson's federal habeas petition plainly does not include the ineffective assistance juror-challenge claim. The district court did not abuse its discretion in denying Henson's motion to amend his habeas petition to

add that claim because Henson provided no new facts or satisfactory explanation for his failure to develop the contentions originally. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (stating standard of review and considerations for amendments). Moreover, any amendment would be futile because Henson specifically and explicitly did not raise the ineffective assistance juror-challenge claim to the Oregon appellate courts and the claim is therefore procedurally barred. *See Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (exhaustion requires a petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Henson acknowledges that he did not explicitly raise the ineffective assistance juror-challenge claim to the Oregon appellate courts, but he contends that the claim was sufficiently raised by the state in its post-conviction appellate briefing to the Oregon Court of Appeals. We reject this contention because the state only mentioned Henson's ineffective assistance juror-challenge claim in its answering brief to argue that "[a]lthough petitioner does not argue on appeal that the post-conviction court erred in denying his ineffective-assistance-of-counsel claim with regard to the juror issue, such a claim would have failed." The state's

brief treatment of that issue was insufficient to alert the appellate courts to a claim that Henson had specifically and explicitly abandoned. *See Peterson*, 319 F.3d at 1157 (holding that the circumstances were insufficient to alert the state appellate court that petitioner was seeking review of a particular federal issue).

3. Impartial jury claim. The district court did not err in concluding that Henson's impartial jury claim was also procedurally defaulted. Henson did not raise the claim at trial or on direct appeal, which would ordinarily result in procedural default of a claim arising from trial error. *See Palmer v. State*, 867 P.2d 1368, 1369-73 (Or. 1994) (holding that a post-conviction petitioner generally may not raise claims that could have been raised during the underlying criminal proceeding and direct appeal). Oregon procedural law, however, provides for the assertion in post-conviction proceedings of claims that "could not reasonably have been asserted in the direct appellate review process,"[1] OR. REV. STAT. § 138.550(2), such as claims that require further factual development, *see Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983) (explaining that post-conviction

_____

[1] Accordingly, Henson's argument that Oregon provides no procedural mechanism through which he could assert his impartial jury claim and, therefore, that he should be excused from the exhaustion requirement, 28 U.S.C. § 2254(b)(1)(B), is unpersuasive.

15-35830

review is available in Oregon "[f]or violations of a defendant's rights that occur after trial, or that require a further evidentiary hearing for their determination"). For that reason, Henson's impartial jury claim, which depended on evidence beyond the trial record, likely was not procedurally defaulted due to his failure to raise the claim on direct appeal. *See* Or. R. App. P. 3.05 (review on direct appeal limited to trial record).

Nonetheless, the claim was procedurally defaulted because Henson failed to assert it in his original post-conviction petition. *See* OR. REV. STAT. § 138.550(3) ("All grounds for relief . . . must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived."); *see also Pratt v. Armenakis*, 112 P.3d 371, 374-75 (Or. Ct. App. 2005) (holding that Oregon appellate courts have no authority to consider new post-conviction claims raised for the first time on appeal).

**AFFIRMED.**