No. 155        February 25, 2026        489

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SAMUEL H. GARDINER,
*Petitioner-Appellant,*

*v.*

Amber SUNDQUIST,
Superintendent,

Deer Ridge Correctional Institution,
*Defendant-Respondent.*

Jefferson County Circuit Court
23CV36357; A186147

Patricia A. Sullivan, Senior Judge.

Submitted January 9, 2026.

Jason Weber and Equal Justice Law filed the brief for appellant. Section B of the brief was prepared by appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Petitioner pleaded guilty to two counts of encouraging child sexual abuse. He was sentenced to 60 months' supervised probation as part of an agreement. The agreement also provided that, if petitioner's probation were revoked, the state could argue for consecutive sentences at the maximum grid block range of 40 months on each count, for a total of 80 months. Defendant was free to argue for lesser sentences. Petitioner's probation was later revoked for a single violation. The court imposed consecutive 40-month sentences. Petitioner's counsel did not object to the consecutive sentences based on one probation violation. On direct appeal, we affirmed without opinion in 2020, and the Supreme Court denied review. *State v. Gardiner*, 305 Or App 707, 468 P3d 1044, *rev den*, 367 Or 220 (2020).

Petitioner later filed this post-conviction proceeding outside the limitations period for seeking post-conviction relief. The amended petition for post-conviction relief alleged that petitioner's sentence was "unlawful" because the Supreme Court had decided, after defendant's appeal, *State v. Rusen*, 369 Or 677, 509 P3d 628 (2022), which held that a single probation violation could not give rise to consecutive incarceration sanctions on revocation. The petition also alleged that the *Rusen* claim could not reasonably have been raised before *Rusen* was decided, bringing the petition within the escape clause for the limitations period. The petition further alleged that petitioner had been denied due process, that he was being subjected to cruel and unusual punishment under the federal constitution and that his Article I, section 18, rights under the Oregon constitution were being violated.

The post-conviction court denied relief. Among other things, it determined that petitioner had agreed in his plea

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

agreement that he could be sentenced to consecutive terms of imprisonment upon revocation of his probation, and that his plea was counseled, confirmed in writing, and that it was knowing, intelligent, and voluntary. The court also determined that the claims in the petition were barred because the *Rusen* claim could have been raised at trial (it was not alleged as an inadequate assistance of counsel claim), and, further, that his sentences could be imposed consecutively because the convictions were based on separate victims.

In Section B of petitioner's *Balfour* brief, he argues that his claims should not be time barred or barred on the basis that they could have been raised before the trial court, unless the failure to raise the issues before the trial court is alleged as a claim of inadequate assistance of counsel. Those contentions do not present arguably meritorious issues for this court's review, given controlling Oregon Supreme Court case law that precludes petitioner from prevailing on those claims both as a matter of procedure and substance. Petitioner's sentencing claims were barred because they could have been raised at trial, *see Palmer v. State of Oregon*, 318 Or 352, 362, 867 P2d 1368 (1994), and, in any event, petitioner's convictions involved separate victims and *Rusen* did not displace the holding in *State v. Lane*, 357 Or 619, 355 P3d 914 (2015), that Article I, section 44(1)(b), of the state constitution overrides laws that would otherwise limit a sentencing court's ability to impose consecutive sentences based on separate victims. *Rusen*, 369 Or at 701; *see also State v. Logston,* 374 Or 101, 115 574 P3d 27 (2025) ("legislative restrictions on a court's authority to impose consecutive sentences for multiple victims were prohibited" by Article I, section 44(1)(b)).

Beyond that, having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.