Argued and submitted October 22, 1985, reversed and remanded April 23, 1986

RONALD RAY RODACKER,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(84-0946C; CA A33885)

717 P2d 659

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is an appeal from an order dismissing a petition for post-conviction relief and denying petitioner's request for appointed counsel. Petitioner was convicted of grand larceny in 1971. On the basis of that conviction, he was found guilty of being an exconvict in possession of a firearm, ORS 166.270(1), by the Washington County Circuit Court in 1974. In July, 1984, the judgment on the 1971 grand larceny charge was vacated by a federal district court.

In August, 1984, petitioner filed this petition for relief from the 1974 conviction, pursuant to ORS 138.510 to 138.680. He simultaneously filed a motion and affidavit to proceed in *forma pauperis* and requested appointment of counsel. ORS 138.590. Throughout the proceedings on this matter, petitioner has been incarcerated in the state of Washington.

The state moved to dismiss the petition, asserting that it failed to state facts sufficient for post-conviction relief. Petitioner filed a response to the state's motion and inquired about the status of his request for counsel. A hearing on the petition and related motions was set for October 1, 1984. On September 21, petitioner moved for a stay of the proceedings in order to seek release by the state of Washington and transportation to Washington County so that he could attend the hearing. He indicated again in his correspondence that he was unrepresented by counsel and that the post-conviction relief statutes required his presence or the presence of his counsel.

Counsel was not appointed; neither was petitioner present at the October 1 hearing on the state's motion. The court denied the motion to stay proceedings or to produce petitioner for the hearing, granted the state's motion to dismiss the petition and found the request for counsel moot.

The legal issues raised by the state's motion to dismiss could only be decided pursuant to a hearing consistent with ORS 138.620(1):

"After the response of the defendant to the petition, the court shall proceed to a hearing on the issues raised. If the defendant's response is by demurrer or motion raising solely issues of law, the circuit court need not order that petitioner

be present at such hearing, *so long as petitioner is represented at the hearing by counsel.* At the hearing upon issues raised by any other response, the circuit court shall order that petitioner be present." (Emphasis supplied.)

That provision clearly contemplates that petitioner have the opportunity to be present or to be represented by counsel at a hearing which finally disposes of his claim. Petitioner did not receive the hearing to which he was entitled by statute.

The state argues that, because the petition did not state a claim for relief, petitioner's presence or the presence of his counsel would not have made any difference. Consequently, his motion for appointment of counsel was moot and the dismissal should be affirmed. We disagree. ORS 138.590 provides, in pertinent part:

"* * * * *

"(2)   If the petitioner wishes to proceed as an indigent person, the person shall file with the petition an affidavit stating inability to pay the expenses of a proceeding pursuant to ORS 138.510 to 138.680 or to employ suitable counsel for such a proceeding. The affidavit shall contain a brief statement of petitioner's assets and liabilities and income during the previous year. If the circuit court is satisfied that petitioner is unable to pay such expenses or to employ suitable counsel, it shall order that petitioner proceed as an indigent person. * * *

"(3)   In the order to proceed as an indigent person, the circuit court shall appoint suitable counsel to represent petitioner. * * * Counsel so appointed shall represent petitioner throughout the proceedings in the circuit court.

"(4)   If counsel appointed by the circuit court determines that the petition as filed by petitioner is defective, either in form or in substance, or both, counsel may move to amend the petition within 15 days following counsel's appointment, or within such further period as the court may allow. Such amendment shall be permitted as of right at any time during this period. * * *"

These provisions, together with ORS 138.620(1), establish the necessity of determining a petitioner's eligibility for appointed counsel before any disposition of the petition, in order that counsel may review the petition and perhaps seek amendments or present argument at the hearing.

Reversed and remanded for determination of petitioner's motion for appointment of counsel and for further proceedings not inconsistent with this opinion.