Argued and submitted April 8, reversed and remanded June 22, 1994

# DONALD F. KUMAR,
*Appellant,*

*v.*

# Robert SCHIEDLER,
Superintendent,
Santiam Correctional Institution,
*Respondent.*

(93C-11711; CA A81220)

876 P2d 808

Christopher J. Shine, Multnomah Defenders, Inc., argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

De Muniz, J., concurring.

**LEESON, J.**

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. We reverse.

In 1991, petitioner was convicted of second-degree manslaughter and third-degree assault. On appeal, we affirmed without opinion, and the Supreme Court denied review. *State v. Kumar*, 117 Or App 595, 844 P2d 286, *rev den* 316 Or 142 (1993).

Petitioner then filed a *pro se* petition for post-conviction relief, along with an affidavit of indigency and a motion for the appointment of counsel. The trial court did not appoint counsel. Instead, it dismissed the petition on its own motion, on the grounds that the petition failed to allege facts in support of the asserted claims for relief, that some of the claims could reasonably have been raised on direct appeal, and that some of the claims are not *per se* grounds for post-conviction relief. The court allowed petitioner 30 days to file an amended petition.

Petitioner filed an amended petition, limiting his claim to one for ineffective assistance of counsel.[1] The trial court again declined to appoint counsel to represent petitioner in the post-conviction proceedings. It dismissed the petition, on its own motion, this time holding that the facts stated in the petition did not constitute a claim for post-conviction relief. Once again, it allowed petitioner 30 days to file an amended petition. Petitioner did not file another amended petition, and the trial court entered a judgment of dismissal.

On appeal, petitioner argues that his *pro se* petition, accompanied by his motion to appoint counsel and his affidavit of indigency, triggered a statutory right to counsel. He maintains that the trial court erred by denying his motion to appoint counsel, and by instead dismissing the petition.[2]

---

[1] In his amended petition, petitioner alleged that his first attorney's "negligence" caused petitioner to be retained in custody pending trial, thereby precluding him from preparing for trial, interviewing new counsel and adequately assisting counsel.

[2] The trial court did not expressly rule on the motion to appoint counsel. However, its dismissal of the petition without granting the motion constituted a denial of the motion.

The parties agree that the 1991 version of the Post-Conviction Hearing Act, ORS 138.510 *et seq*, applies to these proceedings.[3] The relevant provisions are contained in ORS 138.590 and ORS 138.620. ORS 138.590 provides, in part:

"(2)   If the petitioner wishes to proceed as an indigent person, the person shall file with the petition an affidavit stating inability to pay the expenses of a proceeding pursuant to ORS 138.510 to 138.680 or to employ suitable counsel for such a proceeding. The affidavit shall contain a brief statement of petitioner's assets and liabilities and income during the previous year. If the circuit court is satisfied that petitioner is unable to pay such expenses or to employ suitable counsel, it *shall* order that petitioner proceed as an indigent person. * * *

"(3)   In the order to proceed as an indigent person, the circuit court *shall* appoint suitable counsel to represent petitioner. Counsel so appointed shall represent petitioner throughout the proceedings in the circuit court.

"(4)   If counsel appointed by the circuit court determines that the petition as filed by petitioner is defective, either in form or in substance, or both, counsel may move to amend the petition within 15 days following counsel's appointment, or within such further period as the court may allow. Such amendment shall be permitted as of right at any time during this period. If appointed counsel believes that the original petition cannot be construed to state a ground for relief under ORS 138.510 to 138.680, and cannot be amended to state such a ground, counsel shall, in lieu of moving to amend the petition, inform the petitioner and notify the circuit court of such belief by filing an affidavit stating such belief and the reasons therefor with the clerk of the circuit court." (Emphasis supplied.)

---

[3] The Post-Conviction Hearing Act was amended in 1993 to add the following provision:

"(1) The court may, on its own motion or on the motion of the defendant, enter a judgment denying a meritless petition brought under ORS 138.510 to 138.680.

"(2) As used in this section, 'meritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted.

"(3) Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable.

"(4) A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel." Or Laws 1993, ch 517, § 1.

ORS 138.620(1) provides:

> "After the response of the defendant to the petition, the court *shall* proceed to a hearing on the issues raised." (Emphasis supplied.)

■ Those statutes prescribe a clear, mandatory sequence of events when a petition for post-conviction relief is filed, along with a motion to appoint counsel and an affidavit of indigency. The court must first determine whether it is satisfied that the petitioner is unable to pay the cost of employing suitable counsel. If it is, it must order that the petitioner proceed as an indigent person and must appoint suitable counsel. Counsel is then given an opportunity to review the petition and may amend it to correct any defects in substance and/or form. After the state responds, a hearing must be held on the issues raised in the petition. As we said in *Rodacker v. State of Oregon*, 79 Or App 31, 34, 717 P2d 659 (1986):

> "Th[e] provisions [of ORS 138.590], together with ORS 138.620(1), establish the necessity of determining a petitioner's eligibility for appointed counsel *before any disposition of the petition*, in order that counsel may review the petition and perhaps seek amendments or present argument at the hearing." (Emphasis supplied.)

■ The state argues that *Rodacker* is distinguishable, because in that case the trial court dismissed the petition on the state's motion, while in this case the state did not move to dismiss. It maintains that *Rodacker* does not preclude a trial court from dismissing a petition for post-conviction relief without first considering a motion to appoint counsel, provided that the state has not filed a response to the petition.

That proposed distinction is not persuasive. The clear import of the statutory provisions reviewed above, and of *Rodacker*, is that disposition of the motion to appoint counsel is preliminary to "any disposition of the petition." Moreover, if the rule of *Rodacker* applies only where the state has opposed the petition, then a trial court's authority to dismiss a petition would be *curtailed* by the state's motion to dismiss. In other words, the trial court would be authorized to dismiss the petition, unless the state moved to dismiss the petition, in which case it would be required not to. Nothing in the statutory framework, nor in the language of *Rodacker*,

necessitates such an anomalous consequence. A petitioner's statutory right to consideration of a motion to appoint counsel in a post-conviction hearing is triggered by the motion itself, not by the state's opposition to the petition.

Reversed and remanded.

**De MUNIZ, J.,** concurring.

I agree that this case must be reversed and remanded, but not for the reasons stated by the majority. Petitioner assigned error to the dismissal of his petition and his amended petition, arguing, first, that he has stated claims for post-conviction relief. I agree. Although inartfully stated, the petitions state facts and grounds that, if proven, could entitle him to post-conviction relief. The majority does not address the sufficiency of the claims. Instead, it apparently concludes that, whether the petitions state a claim for relief or not, counsel must be appointed for an indigent petitioner.[1]

However, there is a significant difference between an inartful claim and a frivolous one, and I do not agree that, irrespective of the merits of a post-conviction relief petition, a trial court cannot dismiss the petition without first appointing counsel.[2] Post-conviction is a civil proceeding, and ORS 138.590 establishes a procedure for the appointment of counsel for that proceeding. Because the statute authorizes appointment of counsel for a *post-conviction proceeding*, there must necessarily be an initial determination that a petition states a claim for post-conviction relief. The responsibility for making that determination is with the trial court.

As we noted in *McClure v. Maass*, 110 Or App 119, 124, 821 P2d 1105 (1991), *rev den* 313 Or 74 (1992), the first step in the proceeding is the filing of the petition, and the petitioner has the burden to show that there are grounds for relief:

"The plain meaning of [ORS 138.590(2) and (3)] shows that the order appointing counsel *follows* the filing of the petition

---

[1] The trial court did not take any action on petitioner's motion for appointment of counsel.

[2] ORS 138.525, enacted by the 1993 legislature, expressly grants a post-conviction court the authority to dismiss, *sua sponte*, a meritless petition. The statute applies to petitions filed after November 4, 1993, and does not apply to this case.

for post-conviction relief. The petitioner, not his subsequently appointed counsel, has the duty to file the petition. Concomitant with the duty to file the petition is the duty to select the issues that petitioner wants to litigate.

"Obviously, appointed counsel may seek to amend the petition to allege petitioner's claims more artfully or to include additional meritorious issues that the petitioner did not discover. However, once appointed, post-conviction counsel is not obligated to scour the record to unearth every conceivable challenge to the lawfulness of petitioner's conviction or sentence. The responsibility for discerning and selecting the issues for litigation rests with the petitioner." (Emphasis in original.)

The majority's holding that the statutes mandate that counsel must be appointed, irrespective of the merits of a petitioner's claim, has the effect of turning a post-conviction proceeding into a second appeal with an attendant right to appointed counsel. I do not believe that, in enacting the post-conviction remedy, the legislature intended any such result. The post-conviction statutes do not mandate that counsel be appointed for every indigent petitioner, and ORS 138.590 does not preclude a post-conviction court from dismissing a frivolous claim before making that appointment.