Argued and submitted January 10, affirmed July 20, 1994

# DAVID NEILL,
*Appellant,*

*v.*

# G. H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

## (CV 930568; CA A80635)

878 P2d 443

Garrett A. Richardson, Multnomah Defenders, argued the cause and filed the brief for appellant.

Youlee Y. You, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jeannie Hua, Certified Law Student.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

RIGGS, J.

---

* Haselton, J., *vice* Durham, J.

**RIGGS, J.**

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. We affirm.

On April 8, 1993, while incarcerated at the Snake River Correctional Institution, petitioner filed a petition for a writ of *habeas corpus* in Malhuer County Circuit Court alleging that his conviction is void under Article VII (Amended), section 5(2), of the Oregon Constitution, because the indictment was returned by a grand jury consisting of fewer than seven members.[1] The court issued an order to show cause and appointed an attorney to represent him. One week later, on defendant's motion, the *habeas corpus* petition was converted to a petition for post-conviction relief. Subsequently, petitioner was transferred to the Eastern Oregon Correctional Institution, and, on June 8, 1993, he requested that his case be transferred to Umatilla County Circuit Court and that he receive substituted counsel. After the case was transferred, the Umatilla County Circuit Court did not appoint substitute counsel and dismissed the petition *sua sponte* on June 22, 1993, citing *State v. Pratt*, 316 Or 561, 853 P2d 827, *cert den* ___ US ___, 114 S Ct 452 (1993).[2]

Petitioner is correct that it was error for the court to dismiss this case *sua sponte*. ORS 138.620(1) entitles a post-conviction petitioner to a hearing.[3] However, the error was harmless. The harmless error rule is of constitutional dimension[4] and requires that we affirm the trial court if there is

---

[1] Article VII (Amended), section 5(2), provides: "A grand jury shall consist of seven jurors chosen by lot from the whole number of jurors in attendance at the court."

[2] *State v. Pratt, supra*, held that a challenge to an indictment on the basis that it was issued by fewer than seven grand jurors could not be raised through a petition for post-conviction relief. 316 Or at 567-68.

[3] ORS 138.620(1) provides:

"After the response of the defendant to the petition, the court shall proceed to a hearing on the issues raised. If the defendant's response is by demurrer or motion raising solely issues of law, the circuit court need not order that petitioner be present at such hearing, so long as petitioner is represented at the hearing by counsel. At the hearing upon issues raised by any other response, the circuit court shall order that petitioner be present."

[4] Article VII (Amended), section 3, of the Oregon Constitution provides, in part:

"If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such

little likelihood that a particular error affected the result. *State v. Parker*, 317 Or 225, 233, 855 P2d 636 (1993). A conviction based on an indictment that was issued by fewer than seven jurors is not void and, therefore, does not constitute a basis for post-conviction relief. *Goodwin v. State of Oregon*, 125 Or App 359, 363, 866 P2d 466 (1993), *rev den* 319 Or 80 (1994).

■     Petitioner asserts that *Rodacker v. State of Oregon*, 79 Or App 31, 717 P2d 659 (1986), required the Umatilla County Circuit Court to provide him with a substitute attorney before dismissing the case. *Rodacker* requires the appointment of counsel in order that "the counsel may review the petition and perhaps seek amendments or present argument at the hearing." 79 Or App at 34. Here, unlike in *Rodacker*, petitioner had an attorney. His attorney served for two months before petitioner's transfer and had an opportunity to review the petition and to seek amendments to the petition. He did not seek any amendments, and we can only speculate as to the reasons. The trial court erred in its *sua sponte* dismissal of the post-conviction relief petition and its dismissal without reappointment of counsel, but those errors were harmless under these facts.

Affirmed.

---

as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]"