Argued and submitted October 31, 1995, affirmed August 28, petition for review denied December 17, 1996 (324 Or 488)

# STATE OF OREGON,
## *Respondent,*

*v.*

# ROBERT NEAL,
## *Appellant.*

## (93-1888-CR; CA A84316)

922 P2d 717

Dan Maloney, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his conviction for rape in the first degree, ORS 163.375, sodomy in the first degree, ORS 163.405, unlawful sexual penetration in the first degree, ORS 163.411, and sexual abuse in the first degree, ORS 163.427. He claims that the trial court erred by limiting his wife's testimony and by denying his motions for mistrial. We affirm.

The charges stem from the sexual abuse of defendant's nine-year-old daughter. On September 14, 1993, the child told a school counselor that her father had sexually abused her two days earlier, on September 12. Investigators from the police and Children's Services Division (CSD) questioned the child, and she gave a detailed description of the incident. She told the investigators that similar abuse had taken place since July 1993, after defendant's wife (her stepmother) started working. According to the child, the abuse occurred on her parent's water bed while defendant's wife was at work and the child and her younger sister were alone with him. She also alleged that the abuse occurred in 1988 when she was three or four years old. Medical examinations showed evidence of sexual abuse. Charges were brought against defendant only on the abuse that the child said occurred on September 12.

We first address defendant's claim that the trial court erred by limiting the testimony of his wife. Defendant's wife testified favorably for defendant. On cross-examination, the prosecutor questioned defendant's wife as follows:

"Q   Let me ask it again. You don't believe that the defendant would do anything like this, do you?[1]

"A   I don't believe the defendant did it, no.

"* * * * *

"Q   And if you were forced to make a choice, you would always pick the defendant over [the child], wouldn't you?

"A   Not necessarily.

---

[1] Defendant had objected to this question. However, the trial court allowed it as proper to show bias. Defendant does not assign error to that ruling.

"Q    Well, he's your husband; she's your stepdaughter—

"A    Uh-huh.

"Q    —right? And didn't you make a comment recently that it would be okay with you if she didn't return back into the home?

"A    Yes, I did."

On redirect examination, defense counsel attempted to rehabilitate wife's credibility as follows:

"Q    Now, uh, taking the last series of questions first, uh, would it, uh, bother you a great deal to be married to somebody that you thought was a child molester?

"A    Yes.

"Q    Would you continue with that relationship if you believed he was guilty?

"A    No.

"Q    Would you testify on his behalf if you believed he was guilty?

"A    No.

"Q    Why, uh, is it that you do not believe he is guilty?"

At that point, the prosecutor objected. Defendant argued that the question was appropriate to rebut the prosecution's claim of bias. Defendant's offer of proof indicates that his wife would have testified that she believed that defendant was not guilty for three reasons: first, that he did not have an opportunity to commit the crime; second, that defendant "was raised in Tennessee" and "was not brought up that way"; and third, that the victim had previously made similar allegations in 1988, which the victim later recanted.[2] The trial court ruled that the offered testimony was not allowable under OEC 609-1(3)[3] because it was "not of a nature that shows a lack of bias or interest."

---

[2] Authorities investigated the child's allegations in 1988. That investigation was dropped when a medical examination produced no physical evidence of abuse, and the child admitted that defendant had not abused her.

[3] OEC 609-1(3) provides:

"Evidence to support or rehabilitate a witness whose credibility has been attacked by evidence of bias or interest shall be limited to evidence showing a lack of bias or interest."

■ Bias is the friendly or hostile feelings a witness holds toward a party. *State v. Phillips*, 314 Or 460, 469, 840 P2d 666 (1992). Interest is having a stake in the outcome of the litigation. *Id*. Belief as to defendant's guilt or innocence, on the other hand, is the ultimate question for the jury. Defendant argues that his wife's testimony regarding her reasons for believing in his innocence shows a lack of bias or interest because it shows that her belief was based on reasonably objective facts rather than the mere unwillingness to admit her husband's guilt.

■ Wife's recitation of her reasons for believing in defendant's innocence has some logical relevance in that it explains that she had reasons apart from her marriage relationship for testifying favorably for defendant. However, logical relevance is not the test for admissibility in this context. Rather, OEC 609-1(3) restricts the admissibility of evidence offered to support or rehabilitate the witness to evidence that shows "a lack of bias or interest." The prosecutor's cross-examination emphasized what was already obvious to the jury: wife was married to defendant, she supported his claim of innocence, and her marital relationship with defendant would be adversely affected if defendant were convicted. Here, wife's reasons for believing in defendant's innocence could not rehabilitate her from the prosecutor's attack for bias and interest because the evidence does not demonstrate that the marital relationship between wife and defendant was not extant or that that relationship would not be affected by the outcome of the case. The trial court properly excluded the testimony in question under OEC 609-1(3).

■ Defendant's remaining two assignments of error concern the trial court's denial of his motions for mistrial. The determination of whether to grant a mistrial is committed to the sound discretion of the trial court. *State v. Pratt*, 316 Or 561, 574, 853 P2d 827, *cert den* 510 US 969 (1993). Accordingly, we review for abuse of that discretion. *Id*.

Defendant claims that the trial court erred by denying his motion for mistrial after a police officer testified that defendant was questioned in a polygraph room. During the police investigation, defendant was interviewed, and he took a polygraph examination. The trial court had ruled that no

mention of the polygraph was to be made in court. In introducing the statements defendant made during the interview, the prosecutor asked the police officer to describe the room in which the statements were made. The officer responded: "It's about ten by ten; it has a desk, uh, file cabinets, chairs; it doubles as the polygraph room." The defendant moved for a mistrial based on the reference to the polygraph room. The trial court denied that motion, finding that the reference was not of "significant harm to * * * defendant."

■ Defendant argues that the officer's statement amounted to an improper admission of polygraph evidence. According to defendant, it left the jury to speculate "why, if defendant is telling the truth, he did not take and pass the polygraph exam" when he was already in that room.[4]

■ The admission of polygraph evidence may constitute reversible error if it is used to undermine, buttress or rehabilitate a witness's credibility. *State v. Farrar*, 309 Or 132, 164, 786 P2d 161, *cert den* 498 US 879 (1990). However, a mistrial is not required where the reference to a polygraph is an isolated statement, made merely in passing, does not disclose the results of the examination, and is not later alluded to by the prosecutor. *Id.* We conclude that the officer's reference was an isolated statement and was unlikely to have any impact on the jury. The trial court did not abuse its discretion in denying defendant's motion for mistrial.

■ Finally, defendant claims that the trial court erred by denying his motion for mistrial based on three remarks made by the prosecutor during her closing argument. The challenged remarks are as follows:

> "And what was the upshot of 1988? [The child] went home. Dropped. And she stayed with him thereafter. And what was the effect on him? *He got away with it.*

> "* * * * *

---

[4] Defendant also argues that, because the officer was an experienced witness, the reference must have been deliberate. Defendant did not allege that at the trial level, so that issue is not appropriate for our review.

"Noel Gregory. Pivotal in the defense case for the 12th, right? Think about Noel Gregory's testimony. She was visibly hostile on the stand, but why? That's what we learn in cross-examination. Why? Because she's lying. * * *

"Noel, * * * she is Margaret Neal's good friend by her account. But you know, Margaret says she considers Noel her best friend. They took her in. She didn't have a place, her boyfriend kicked her out, they took her in. Noel Gregory who spoke to the defense attorney before the case even went to Grand Jury. *They gave her a little part in all of this. They gave her a little part and a-a little lie.*

"* * * * *

"The defense witnesses * * * either knowingly or unknowingly in concert with the defendant have formed a sort of dangerous conspiracy which has existed in our communities for a long time. It's a conspiracy to not believe the child. * * * It happens year after year. And it happened in this case. *But now is the opportunity for you to do something about it, more than just watching it happen.*"

Defendant objected after each of the emphasized statements. The trial court sustained the objections to the first and third remarks and overruled the objection to the second remark. Shortly after the objection to the third remark was sustained, the prosecutor concluded her closing argument. At that point, defendant moved for a mistrial. The trial judge denied the motion, concluding that the motion was not timely and, alternatively, that the remarks were not prejudicial. We agree with the trial court in both respects. There was no error.

Affirmed.