Argued and submitted March 10, affirmed October 27, 2004

In the Matter of the Estate of
Wanda Merle Costanzo, Deceased.

Cristie BETZ,
*Appellant,*

*v.*

Sheri Lynn GANOS
and Derrick James Lewis,
in their capacities as co-Personal Representatives of the
Estate of Wanda Merle Costanzo, Deceased,
*Respondents.*

0202-90262; A120615

100 P3d 756

Brooks F. Cooper argued the cause and filed the briefs for appellant.

Thomas W. Sondag argued the cause for respondents. With him on the brief was Lane Powell Spears Lubersky LLP.

Before Landau, Presiding Judge, and Armstrong, Judge, and Kantor, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner appeals a judgment dismissing her will contest. She argues that the trial court abused its discretion in refusing to permit her to amend her petition and erred in dismissing her claim with prejudice. We affirm.

Wanda Costanzo married Felix Costanzo, whose daughter is petitioner. Felix predeceased Wanda. Wanda died on November 4, 2001. On February 6, 2002, respondents filed for appointment as personal representatives of Wanda's estate and for admission to probate of her will dated August 27, 2001. The trial court appointed respondents as the personal representatives and admitted the will to probate on February 13, 2002.

On March 14, 2002, respondents sent notice to Wanda's heirs and devisees pursuant to ORS 113.145. Pursuant to ORS 113.155, notice to unknown interested parties was published on February 27, March 6, and March 13, 2002.

On December 6, 2002, petitioner filed a petition contesting the admission of Wanda's August 27, 2001, will to probate. Petitioner alleged that she was a devisee of an earlier will executed by Wanda in October 1990. She claimed that the August 2001 will was invalid because it had not been properly attested by two witnesses and requested that the court vacate its order admitting the will to probate. On December 13, 2002, petitioner filed a motion for judgment on the pleadings.

Respondents opposed the motion and moved for dismissal under ORCP 21 A(8), arguing that petitioner had failed to allege her standing to contest the current will. According to respondents, her petition failed to allege facts from which the existence of a 1990 will could be inferred. Respondents also moved to dismiss the will contest under ORCP 21 A(9), arguing that petitioner's claim was time-barred because she filed her petition outside the four-month limitation period established for will contests under ORS 113.075(3). On January 14, 2003, the trial court held an *in camera* hearing on petitioner's motion and respondents'

cross-motions. Petitioner argued that her claim was timely and should be permitted to proceed.[1]

Meanwhile, on January 15, 2003, petitioner filed an amended petition that alleged her interest in the 2001 will and the factual basis for her contention that she was an interested party entitled to mail notice. Petitioner failed, however, to ask for leave to amend her petition. She also failed to obtain respondents' consent to file the amended petition. On January 22, 2003, the circuit court granted respondents' motion and dismissed petitioner's claim with prejudice.

■ As an initial matter, we note that petitioner filed her amended petition after respondents had filed their answer and cross-motions. The amended petition, thus, was filed after the period allowed for amendment as a matter of right. ORCP 23 A; *Finney v. Bransom*, 326 Or 472, 483, 953 P2d 377 (1998). To file an amended petition, petitioner was required to obtain the consent of the opposing party or permission from the court. *Id*. She did neither. As a result, there is no ruling by the trial court for this court to review. We therefore reject without further discussion petitioner's contention that the trial court abused its discretion in refusing to permit her to amend her petition. *VTech Communications, Inc. v. Robert Half, Inc.*, 190 Or App 81, 90, 77 P3d 1154 (2003), *rev allowed*, 336 Or 615 (2004).

There remains petitioner's contention that the trial court erred in dismissing the will contest itself. Petitioner begins by arguing that the court's dismissal was premature. According to petitioner, under local rules, she had until January 22, 2003, to respond to the motion to dismiss, and "the trial court could not enter an order granting the motion to dismiss" before that time. Petitioner, however, fails to acknowledge that the court did not enter the judgment granting the motion to dismiss until January 23, by which time she still had not filed a response.

---

[1] Petitioner's argument to the circuit court cannot be described with any greater precision because there is no record of that hearing. However, at oral argument before this court, petitioner indicated that the issue of timeliness "was discussed with the court," and respondents do not contest that assertion. In light of the arguments made by respondents in their motion to dismiss and petitioner's subsequent attempt to amend the petition, we are convinced that the issue of the timeliness of petitioner's petition was before the circuit court.

■■ The issue in petitioner's appeal is thus reduced to whether, on the merits, the trial court properly granted respondents' motion to dismiss. Because it is dispositive, we will address the issue of the timeliness of petitioner's original petition. We review the trial court's dismissal on statute of limitation grounds to determine whether the pleadings, on their face, show the action to be untimely. *Allen v. Lawrence*, 137 Or App 181, 186, 903 P2d 919 (1995), *rev den*, 322 Or 644 (1996).

Petitioner asserts that she is a person of interest as defined in ORS 113.035(8),[2] and, as such, was entitled to mail notice of the probate proceedings. Because she never received that mail notice, petitioner contends that the limitation period in ORS 113.075(3) had not yet run against her and her claim was, therefore, timely filed. Petitioner concedes, however, that if she is not an interested person who is entitled to mail notice, her claim is untimely.

Respondents argue that petitioner failed to allege sufficient facts to establish that she was entitled to mail notice. As a result, contend respondents, petitioner established only that she was entitled to publication notice and her will contest was untimely because it was not filed within four months of publication notice as required by ORS 113.075(3)(b). We agree with respondents.

ORS 113.145(1) requires a personal representative to "deliver or mail" notice of probate proceedings to "persons described in ORS 113.035(8)." In part, ORS 113.035(8) describes persons who, "so far as known" by the party petitioning for appointment of a personal representative, contest the validity of a will on the basis that the will in probate is ineffective. Petitioner did not allege that the party who filed for appointment of a personal representative knew of her claim against the validity of the will. Thus, petitioner did not allege sufficient facts to indicate that she was an interested

---

[2] ORS 113.035 was amended by the 2003 Legislative Assembly to include an additional section. Or Laws 2003, ch 395, § 10. That amendment does not substantively affect this case, but it does alter the numbering of the statutory provisions. For ease of reference, we refer to the current statutory numbering throughout this opinion.

person entitled to mail notice. Even if she alleged facts sufficient to conclude that she was an interested person, the facts alleged established only that she was entitled to publication notice of the probate of decedent's will. ORS 113.035(8); ORS 113.075(3)(b).

Notice of probate is required to be published upon appointment of the personal representative. ORS 113.155. That notice was published on February 27, March 6, and March 13, 2002. Petitioner's petition, however, was not filed until December 6, 2002, which is well beyond the four-month limitation period described in ORS 113.075(3)(b). Petitioner's will contest therefore was untimely filed, and the trial court did not err in granting respondents' motion to dismiss.

Affirmed.