Submitted on record and briefs October 23, 2006, affirmed May 30, petition for review denied October 4, 2007 (343 Or 223)

# FRED QUIMBY,
*Petitioner-Appellant,*

*v.*

# Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
02112419M; A122861

159 P3d 1264

Erin Galli Rohr and Chilton, Ebbett & Rohr, LLC filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Breithaupt, Judge pro tempore.

BREWER, C. J.

## BREWER, C. J.

Petitioner appeals a judgment dismissing this action for post-conviction relief. He asserts that the post-conviction court erred in dismissing, for failure to allege ultimate facts sufficient to constitute a claim, several of the specifications contained in his original petition. Petitioner also asserts that the court erred in striking his amended petition in its entirety. We affirm.

In 1999, a jury found petitioner guilty of burglary in the first degree, ORS 164.225; theft in the first degree, ORS 164.055; and menacing, ORS 163.190. The trial court sentenced petitioner to 60 months in prison. On direct appeal, we reversed the menacing conviction, but upheld the other convictions and sentences. *State v. Quimby*, 182 Or App 287, 48 P3d 216, *rev den*, 334 Or 693 (2002).

Thereafter, in November 2002, petitioner filed a *pro se* petition for post-conviction relief, asserting that the trial court had committed various errors and that, in numerous respects, petitioner had received inadequate assistance of counsel. Defendant filed a motion under ORCP 21 A(8) to dismiss several specifications of the petition on the ground that those specifications failed to allege ultimate facts sufficient to constitute claims for post-conviction relief. Petitioner did not file a response to the motion and, in May 2003, the post-conviction court granted the motion. The court did not authorize petitioner to file an amended petition.

In early July 2003, petitioner filed an amended *pro se* petition for post-conviction relief that contained 13 specifications of inadequate assistance of counsel. The amended petition omitted three of the specifications in the original petition that the trial court had dismissed. Petitioner incorporated by reference numerous allegations from the original petition, and many of the specifications were essentially identical to specifications already included in the original petition.

On July 14, defendant filed a motion under ORCP 23 A to strike the amended petition in its entirety "on the ground that petitioner has failed to comply with the Oregon Rules of Civil Procedure. Petitioner has failed to seek leave of

the court or permission of defendant before filing an Amended Petition." As an additional ground for her motion, defendant asserted that the amended petition violated ORCP 23 D by incorporating by reference allegations from the original petition. Alternatively, defendant sought dismissal of several specifications that reasserted claims that the court previously had dismissed from the original petition. In her alternative motion, defendant conceded that four of the repleaded specifications alleged facts sufficient to constitute a claim.

In late July, petitioner filed a response to the motion, arguing:

> "The Petitioner has limited law experience and limited law knowledge. * * * [T]he Court should adhere to case law that says a Pro Se litigant has to be told by the court when mistakes are made that greatly prejudice the Pro Se litigant.

> "The Petitioner now motions for the court to enter the Amended Petition * * * in that constitutional rights and ineffective counsel were to be the issues in each and every 29 issues the petitioner presented to this court.

> "Therefore, this court should allow each and every issue to be entered, against the motion of the Defendant[ ] * * *."

In August, the post-conviction court set the trial of the case for October 14, and it also scheduled a hearing on any pending motions one week in advance of the trial date.

At the motions hearing, the court ruled on more than a dozen motions that petitioner had filed, and it also addressed defendant's motion to strike the amended petition under ORCP 23 A. After considering the parties' written arguments, the court granted from the bench the motion to strike. Petitioner orally responded to the ruling by requesting permission to amend his petition to assert claims that his trial and appellate attorneys had provided him with inadequate assistance under the United States and Oregon constitutions. The court denied petitioner's oral request. Thereafter, the court issued an order granting defendant's motion to strike the amended petition in its entirety. The court then tried the case on the original petition. After trial, the court denied relief on the remaining claims in the original petition.

On appeal, petitioner makes six assignments of error. We begin with his fifth assignment of error, in which he asserts that the post-conviction court erred by granting defendant's motion to strike the amended petition in its entirety. Defendant's motion to strike was partially grounded on ORCP 23 A, which provides, in part:

> "A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[1]

Defendant's motion to strike the amended petition also was based on ORCP 23 D, which provides, in part:

> "When any pleading is amended before trial, mere clerical errors excepted, it shall be done by filing a new pleading, to be called the amended pleading, or by interlineation, deletion or otherwise. Such amended pleading shall be complete in itself, without reference to the original or any preceding amended one."

Because petitioner did not seek permission from the post-conviction court before filing his amended petition, that court never had an opportunity to rule on the matter at that

---

[1] We note as a threshold matter that, unless a different legislative intention is indicated, the Oregon Rules of Civil Procedure generally apply to post-conviction proceedings. *Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992). A separate statute contains certain pleading rules that are specifically applicable to post-conviction relief actions. ORS 138.610 provides:

> "Within 30 days after the docketing of the petition, or within any further time the court may fix, the defendant shall respond by demurrer, answer or motion. No further pleadings shall be filed except as the court may order. The court may grant leave, at any time prior to entry of judgment, to withdraw the petition. The court may make appropriate orders as to the amendment of the petition or any other pleading, or as to the filing of further pleadings, or as to extending the time of the filing of any pleading other than the original petition."

The requirements of ORS 138.610 are not identical in all respects to those of ORCP 23 A. If anything, ORS 138.610 is more restrictive; it prohibits the filing of any amended pleading without permission from the court. Accordingly, we need not address the issue whether the statute supersedes the rule in the present circumstances.

time. Accordingly, the issue whether the court would have been required to permit the filing of the amended petition at that time is not before us. *See Betz v. Ganos,* 196 Or App 5, 8, 100 P3d 756 (2004) (where petitioner failed to obtain permission to file amended pleading, there was no ruling for appellate court to review in response to argument that the trial court erred in refusing to permit the filing of the amended pleading). In addition, petitioner has not assigned error to the post-conviction court's denial of his subsequent written and oral requests to file an amended petition made in response to defendant's motion to strike the amended petition. Accordingly, that issue likewise is not before us.

■ ■ The foregoing procedural circumstances notwithstanding, both parties appear to suggest that the appropriate standard of review is for abuse of discretion, as if we were reviewing a ruling on a motion to amend petitioner's pleading. As the parties observe, the denial of such a motion is reviewed for an abuse of discretion, and several factors guide the exercise of such discretion. *See Ramsey v. Thompson,* 162 Or App 139, 144, 986 P2d 54 (1999), *rev den,* 329 Or 589 (2000).[2] Here, though, petitioner assigns error only to the post-conviction court's order granting defendant's motion to strike under ORCP 23 A and 23 D. Although we have never elaborated a particular standard of review for such decisions, assuming that they involve the exercise of discretion, the exercise of that discretion logically involves different considerations from those pertinent to a decision whether to allow the amendment of a pleading.

Petitioner advances no cogent reason why the trial court erred in striking the amended petition. It was deficient in both of the respects that defendant posited. It violated ORCP 23 A (and ORS 138.610) in that it was filed without

---

[2] Although a trial court has broad discretion in determining when to permit the amendment of a pleading, that discretion is not unlimited. Because ORCP 23 A requires that "leave [to amend] shall be freely given when justice so requires[,]" our review of the exercise of discretion is informed by the following considerations: "(1) the nature of the proposed amendments and their relationship to the existing pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing of the proposed amendments and related docketing concerns; and (4) the colorable merit of the proposed amendments." *Ramsey,* 162 Or App at 145.

leave of the court. Petitioner simply filed the amended petition on his own initiative, a practice that, if condoned, could lead to significant docket management problems in post-conviction litigation. In addition, the amended petition violated ORCP 23 D in that it incorporated by reference allegations from the original petition. Either of those deficiencies would have justified striking the amended petition. Accordingly, the court did not err in doing so. We reiterate that whether the court, in turn, erred in denying petitioner's subsequent written and oral requests to file either the same amended petition or a different form of amended petition is not before us.[3]

We turn to petitioner's first four assignments of error, each of which challenges the post-conviction court's dismissal of specifications included in the original petition on the ground that those specifications failed to state ultimate facts sufficient to constitute claims for relief.[4] ORS 138.530(1) sets out the grounds for post-conviction relief:

"Post-conviction relief pursuant to [the Post-Conviction Hearing Act] shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

---

[3] We note, however, that petitioner's written request sought to file the *same* amended petition that he previously had filed without the court's permission and, which, as petitioner concedes on appeal, violated ORCP 23 D. In his subsequent oral request, petitioner asked to "amend all of the—the issues" to assert that his trial and appellate attorneys were "inadequate and ineffective." Petitioner never tendered a proposed amended petition that might have further clarified that request.

[4] We reject petitioner's sixth assignment of error without discussion.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

In his first assignment of error, petitioner asserts that the post-conviction court erred in granting defendant's motion to dismiss paragraph 7(4) of the original petition. That paragraph alleged, in part, that "[t]he defense Attorney failed to object when the prosecutor * * * called her own witness * * * a *liar* (6) six times." (Emphasis in original.) Petitioner argues that the prosecutor's calling a witness a liar in front of the jury "could be an impermissible comment on a witness's credibility." Defendant replies that OEC 607 permits any party to attack the credibility of a witness.[5] Defendant is correct. The principle on which petitioner relies generally precludes a *witness* from testifying as to whether another witness is telling the truth. *See, e.g., State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983). That principle does not prohibit a party from attacking the credibility of any witness. *See, e.g., State v. Neal*, 143 Or App 188, 194, 922 P2d 717, *rev den*, 324 Or 488 (1996) (prosecutor's assertion in closing argument that witness was lying was not prejudicial). Petitioner did not allege facts that, if proved, would demonstrate that his trial counsel's performance was deficient for failing to object to the prosecutor's challenge to a witness's credibility. Therefore, the post-conviction court did not err in dismissing paragraph 7(4) of the petition.

In his second assignment of error, petitioner contends that the post-conviction court erred in granting defendant's motion to dismiss paragraph 7(22) of the petition. In that paragraph, petitioner alleged:

"The Malheur [County] Circuit Court did not have jurisdiction in this case. The Grand Jury was not selected in accordance with law. The Defense for the petitioner did not investigate. The trial court judge did not take an oath to be impartial, and was anything but. The Court did not have Subject Matter Jurisdiction, because the laws were not made properly, and were not validated by enactment by the record on the face of the law. The laws charged against the petitioner are void, and he cannot be subject to them, as the

---

[5] The rule provides that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness."

court did not have jurisdiction. The Complaint is fatally defective and insufficient. The Court even admitted the indictment was faulty, but failed to act. A violation of the petitioners rights. The Malheur Court tried to make the petitioner violate copyright laws."

The foregoing paragraph is a composite of multiple, unrelated allegations that may have been vulnerable to one or more motions, possibly including a motion to make more definite and certain, or a motion to strike for failing to separately plead multiple claims for relief. However, the issue before us is whether the trial court properly dismissed certain of its specifications under ORCP 21 A(8) for failure to state a claim for relief. Accordingly, we assume the truth of the challenged allegations. *Palmer v. State of Oregon*, 121 Or App 377, 381, 854 P2d 955 (1993), *aff'd*, 318 Or 352, 867 P2d 1368 (1994).

Petitioner argues that several portions of paragraph 7(22) sufficiently pleaded claims that the trial court lacked jurisdiction. In addition, petitioner argues that the claim that counsel did not investigate "may be a basis for post-conviction relief under a theory that petitioner's state and federal constitutional rights to counsel were abridged." Defendant replies that, in order to properly allege a claim for post-conviction relief, petitioner was required to plead that counsel was inadequate for failing to raise the asserted issues or, alternatively, allege facts showing why counsel could not reasonably have been expected to raise the issues at trial. *Palmer v. State of Oregon*, 318 Or 352, 354, 867 P2d 1368 (1994). In addition, defendant argues that the specification that counsel did not investigate was restated in another portion of the petition that ultimately was litigated and adjudicated by the post-conviction court.

In paragraph 7(22), petitioner pleaded six specifications that he asserts adequately raised claims for post-conviction relief: (1) The Malheur County Circuit Court did not have jurisdiction in this case; (2) the defense for petitioner did not investigate; (3) the grand jury was not selected in accordance with law; (4) the trial court judge did not take an oath to be impartial; (5) the court did not have subject matter jurisdiction, because the laws were not made properly

and were not validated by enactment by the record on the face of the law; and (6) the laws charged against the petitioner are void, and he cannot be subject to them, as the court did not have jurisdiction.

■ Petitioner did not allege, with respect to the first, third, fourth, fifth, and sixth of those specifications, that his counsel was inadequate for failing to raise the asserted errors. Accordingly, at best for petitioner, those five specifications asserted trial court errors or other defects, not claims of inadequate assistance of counsel. However, petitioner did not allege that the asserted trial court errors and other defects could not reasonably have been raised at trial or on direct appeal from his criminal convictions.

■ A petitioner cannot obtain post-conviction relief on any ground that reasonably could have been raised at trial or on direct appeal unless the petitioner demonstrates that the failure to raise the issue falls within one of several narrowly drawn exceptions. ORS 138.550(2); *see Palmer*, 318 Or at 358 (failure to raise issue at trial that reasonably could have been raised at trial generally precludes post-conviction relief on that ground). Those exceptions include:

> " '[W]here the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right. Also, the failure to assert the right would not be a bar where counsel was incompetent or was guilty of bad faith.' "

*Id.* at 357 (quoting *North v. Cupp*, 254 Or 451, 457, 461 P2d 271 (1969), *cert den*, 397 US 1054 (1970)). Because petitioner did not allege that the five asserted trial court errors and other defects fell within any applicable exception to the bar of *Palmer*, the trial court did not err in dismissing those specifications on the ground that they failed to allege ultimate facts sufficient to constitute a claim for post-conviction relief.

■ The remaining specification in paragraph 7(22) alleged that counsel failed to investigate. That specification was similar—albeit not identical—to another, more particular, specification in paragraph 7(1), where petitioner alleged that "Counsel for the defense did not investigate the grand

jury indictment for flaws. * * * The Attorney for the defense was inadequate for not setting aside the indictment." On appeal, petitioner has not identified any particular investigative omission on the part of his counsel that he intended to assert in paragraph 7(22) that he was not able to fully litigate at trial. That is, even though paragraph 7(22) was not on its face duplicative of paragraph 7(1), to the extent that the former specification was meant to capture something other than what was set out in the latter specification, petitioner has not shown what that difference was. Accordingly, petitioner has not demonstrated that he was prejudiced by any error that the court may have made in dismissing paragraph 7(22). *See Neill v. Baldwin*, 129 Or App 167, 169-70, 878 P2d 443 (1994) (holding, in the context of the erroneous dismissal of a post-conviction action, that "[t]he harmless error rule is of constitutional dimension and requires that we affirm the trial court if there is little likelihood that a particular error affected the result" (footnote omitted)).

In his third assignment of error, petitioner argues that the post-conviction court erred in granting defendant's motion to dismiss paragraph 7(23) of the petition. In that paragraph, petitioner alleged that witnesses at trial "were not given a proper oath in accordance with the law. The defense did not object to the way the witnesses were sworn in, and the testimony given by those witnesses." Petitioner argues that paragraph 7(23) stated ultimate facts sufficient to constitute a claim for inadequate assistance of counsel, because the failure to require an oath in accordance with OEC 603 rendered the witnesses' testimony unreliable and, thereby, deprived petitioner of his right to due process under the Fourteenth Amendment and to the confrontation of witnesses guaranteed by the United States and Oregon constitutions.

The difficulty is that petitioner did not assert that the witnesses were not given an oath; rather, he challenged "the way," that is *how*, the witnesses were sworn in. OEC 603 provides that "[b]efore testifying, every witness shall be required to declare that the witness will testify truthfully, by oath and or affirmation administered in a form calculated to awaken the conscience of the witness and impress the mind of the witness with the duty to do so." That rule "does not require any particular verbal formula. * * * Any mode of

administering an oath or affirmation which is binding upon the conscience of the person to whom the oath or affirmation is administered is allowable." Legislative Commentary to OEC 603, *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 603, Art VI-14 (4th ed 2002).

As pertinent to paragraph 7(23), post-conviction relief was not available to petitioner in the absence of "[a] substantial denial in the proceedings resulting in petitioner's conviction, * * * of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void." ORS 138.530(1)(a). Petitioner failed to allege in paragraph 7(23) that the oath or affirmation administered by the trial court was insufficient to bind the conscience of the witnesses or that it worked to deny petitioner his constitutional rights. Merely to complain that counsel failed to object to "the way the witnesses were sworn in" was insufficient to plead a denial of constitutional rights that would render petitioner's convictions void under ORS 138.530(1)(a). Accordingly, the post-conviction court did not err in dismissing paragraph 7(23) of the petition.

In his fourth assignment of error, petitioner asserts that the post-conviction court erred in granting defendant's motion to dismiss paragraph 7(25) of the petition. In that paragraph, petitioner alleged the "violation of 5th and 6th amendment. The acts by the court and prosecutor in that they punished the petitioner for not taking a plea agreement. This violated the constitutional rights of the accused." Like many of the issues raised in petitioner's second assignment of error, the claim alleged in paragraph 7(25) implicates the rule in *Palmer*. Because petitioner did not allege facts showing that the asserted error fell within any applicable exception to that rule—including, for example, that his counsel was excusably unaware of facts that would have disclosed a basis for the assertion of the claim—the trial court did not err in dismissing that paragraph on the ground that it failed to allege ultimate facts sufficient to constitute a claim for post-conviction relief.

Affirmed.