Submitted July 5, reversed and remanded August 14, 2013

DONALD L. HOWELL,
aka Donald Lee Howell,
*Petitioner-Appellant,*

*v.*

Steve FRANKE,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV110819; A149346

308 P3d 1078

James N. Varner filed the brief for appellant.

Mary H. Williams, Deputy Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Petitioner appeals a judgment dismissing his petition for post-conviction relief. The state concedes that the post-conviction court erred and that the judgment should be reversed. We agree that the post-conviction court erred and, accordingly, reverse.

Petitioner filed a petition for post-conviction relief and, on the same day, a motion to appoint counsel. The court did not rule on petitioner's motion to appoint counsel. Instead, two days after the petition was filed, the court dismissed the petition as "[f]iled outside the statute of limitations." As the state concedes, when a petitioner for post-conviction relief moves to appoint counsel, the post-conviction court may not dismiss the petition before appointing counsel and holding a hearing unless it dismisses the petition as meritless. *Ware v. Hall*, 342 Or 444, 452-53, 154 P3d 118 (2007); *Kumar v. Schiedler*, 128 Or App 572, 576, 876 P2d 808, *rev den*, 316 Or 142 (1993); *Rodacker v. State of Oregon*, 79 Or App 31, 34, 717 P2d 659 (1986). Here, however, the court did not dismiss the petition as meritless, and, on this record, it would have erred in doing so because the timeliness of the petition appears to be disputable. *See* ORS 138.525. The court erred in dismissing the petition on timeliness grounds before appointing counsel and holding a hearing.

Reversed and remanded.