SHORR, J.
*50 Petitioner appeals a judgment that denied her petition for post-conviction relief. For the reasons explained below, we reverse and remand.
We first briefly describe the relevant facts of the underlying criminal trial before turning to a discussion of the post-conviction claims that are at issue in this appeal. Petitioner was charged with criminal mistreatment and aggravated theft in connection with a money transfer from her mother's bank account to the account of Miguel Aguilar, petitioner's husband. Petitioner claimed that her mother approved the transfer, which was for the purpose of purchasing a home that petitioner, her husband, and her mother would share. Petitioner's mother claimed never to have authorized the transfer.
Petitioner was represented by counsel and proceeded with a bench trial after waiving her right to a jury. During the criminal trial, petitioner's husband was called as a witness. During his testimony, his lawyer interjected that husband was asserting his Fifth Amendment right against self-incrimination. The trial court permitted husband to assert his Fifth Amendment right and struck the testimony that he had already given. Petitioner's trial counsel did not object to the court's ruling.
At the trial's conclusion, the court acquitted petitioner of aggravated theft. With respect to that charge, the court could not find that petitioner had the requisite intent to deprive her mother of money because her husband had, in fact, used the money to purchase a home in which petitioner and her mother had lived for a time. But the court convicted petitioner of criminal mistreatment after finding that she had unlawfully arranged for the transfer. The court found that that there was no evidence that petitioner's mother authorized the transfer. Petitioner did not appeal the judgment of conviction.
Petitioner subsequently filed a petition for post-conviction relief. In her second amended petition, petitioner asserted that she was entitled to relief due to inadequate assistance of her counsel and denial of due process, citing *51 the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, sections 10 and 11, of the Oregon Constitution. Of relevance to this appeal, petitioner argued to the post-conviction court *1004 that (1) the trial court issued inconsistent verdicts, which denied petitioner due process, and her trial counsel failed to object to those inconsistencies, which constituted inadequate assistance of counsel; and (2) the trial court erroneously permitted petitioner's husband to assert his Fifth Amendment right, thereby depriving petitioner of her right to question and confront him, and, again, her trial counsel's failure to object constituted inadequate assistance of counsel.
Following a hearing, the post-conviction court ruled that (1) petitioner "never appealed" the purportedly inconsistent verdicts, and, in any event, the verdicts were not inconsistent; and (2) petitioner had "withdrawn" her arguments on the Fifth Amendment issue. The post-conviction court ultimately denied the petition for relief.
Petitioner raises two assignments of error on appeal.[1] First, petitioner argues that the post-conviction court erred when it ruled that "pet [itioner] never appealed [the] verdict." As a result, petitioner contends, the post-conviction court "never addressed the issue as raised by the petitioner, which was that the verdicts were inconsistent and could not have been appealed because the trial attorney did not object to them." Petitioner's assignment of error is not a model of clarity. However, despite petitioner's argument, the post-conviction court did, in fact, explicitly conclude that the verdicts were not inconsistent. Petitioner may be arguing on appeal, as she did below, that the criminal trial court violated her due process rights by issuing a judgment following purportedly inconsistent verdicts. However, that argument could have been, and was not, raised in the underlying criminal trial. Therefore, it is barred in post-conviction absent exceptions that petitioner does not argue exist here.[2] See *52 Palmer v. State of Oregon , 318 Or. 352, 362, 867 P.2d 1368 (1994) ("Because petitioner did not plead facts necessary to establish a basis for obtaining post-conviction relief with respect to an issue not preserved at trial, petitioner's [claim] failed to state a cognizable claim for post-conviction relief.").
Second, petitioner assigns error to the post-conviction court's conclusion that she had "withdrawn [the] issue concerning Miguel Aguilar taking the [Fifth]." Petitioner argued to the post-conviction court that her trial counsel's failure to challenge the criminal trial court's decision to permit Miguel Aguilar to assert his Fifth Amendment privilege amounted to inadequate assistance of counsel and denied her due process. On appeal, the state concedes that the post-conviction court erred when it determined that petitioner withdrew that argument. The record reflects that petitioner raised and maintained her due process and inadequate assistance argument based on her trial counsel's failure to object to the trial court's Fifth Amendment ruling. Accordingly, we conclude that there was no basis for the post-conviction court to find that petitioner had withdrawn that argument.
Despite its concession to the post-conviction court's error, the state would have us affirm the judgment denying petitioner's petition. In support, the state cites Neill v. Baldwin , 129 Or.App. 167, 878 P.2d 443 (1994). In that case, the petitioner argued that his conviction was void because the indictment was returned by a grand jury consisting of fewer than seven members.[3] Id . at 169, 878 P.2d 443. The post-conviction court rejected that argument, citing *1005 State v. Pratt , 316 Or. 561, 853 P.2d 827, cert. den. , 510 U.S. 969, 114 S.Ct. 452, 126 L.Ed.2d 384 (1993), and dismissed the petition sua sponte . Id . We agreed with the petitioner that it was error for the court to dismiss the petition sua *53 sponte without a hearing. Id . We also concluded, however, that the error was harmless "under these facts" because the court reached the correct legal conclusion that, under Pratt , "[a] conviction based on an indictment that was issued by fewer than seven jurors is not void and, therefore, does not constitute a basis for post-conviction relief." Id . at 169-70, 878 P.2d 443 (citing Goodwin v. State of Oregon , 125 Or.App. 359, 363, 866 P.2d 466 (1993), rev. den. , 319 Or. 80, 876 P.2d 783 (1994) (holding that, under Pratt , a conviction following the issuance of an indictment by fewer than seven jurors only renders the conviction voidable and, thus, does not constitute a basis for post-conviction relief)). By contrast, in this case, the post-conviction court never reached a legal conclusion on petitioner's claim.
Further, our review of post-conviction proceedings is limited to questions of law appearing on the record. Yeager v. Maass , 93 Or.App. 561, 564, 763 P.2d 184 (1988), rev. den. , 307 Or. 340, 768 P.2d 400 (1989). Our role is to determine whether the post-conviction court's findings of fact are supported by the record and whether its legal conclusions are correct. Id . Where, as here, the post-conviction court makes no factual findings and reaches no legal conclusions on the merits of a petitioner's argument, there is nothing for us to review. Accordingly, in this case, we do not reach the merits of petitioner's argument that her trial counsel's failure to object to the trial court's Fifth Amendment ruling constituted inadequate assistance of counsel, because the post-conviction court never substantively addressed that issue.
In sum, we first conclude that petitioner is barred from arguing that the verdicts issued at trial were inconsistent, because she has not demonstrated on appeal why she could not reasonably have raised that issue at trial. Second, we conclude that the post-conviction court erred when it determined that petitioner had withdrawn her argument that the trial court erroneously permitted Miguel Aguilar to assert his Fifth Amendment privilege and that her trial counsel was inadequate for failing to object to that ruling. We do not, however, reach the merits of that argument because the post-conviction court made no factual findings and reached no legal conclusions on that issue for us *54 to review. Accordingly, we reverse and remand to the post-conviction court for further proceedings consistent with this opinion.
Reversed and remanded.

Petitioner initially assigned error to the trial court's determination that it had jurisdiction to convict her of criminal mistreatment, but she withdrew that argument during oral argument. Therefore, we do not address that assignment.

Petitioner argued in her second amended petition for post-conviction relief that her trial counsel's failure to object to the inconsistent verdicts during the criminal trial constituted inadequate assistance, but petitioner appears to have abandoned that argument on appeal. Accordingly, we do not consider whether inadequate assistance of counsel precluded petitioner from objecting to inconsistencies in the verdicts at trial, thereby overcoming the general bar against raising unpreserved objections in post-conviction proceedings as described by Palmer v. State of Oregon , 318 Or. 352, 362, 867 P.2d 1368 (1994).

The petitioner also argued that he was entitled to a substitute attorney before the court dismissed his case. We rejected that argument because the petitioner had an attorney that "had an opportunity to review the petition and to seek amendments to the petition." Neill , 129 Or.App. at 170, 878 P.2d 443.